I'm sorry, four cases on for argument today. First case, number 2010-1211, ARKO FOODS INTL v. United States. Mr. Kenner. May it please the court. This case is about the classification of the frozen dessert, mellarine. Mellarine is a frozen dessert which by regulation must contain milk ingredients. The lower court's decision must be reversed for three reasons. First, the lower court ignored the plain meaning of the phrase articles of milk or cream found in Additional U.S. Note 1 to Chapter 4. The plain meaning? Yes, Your Honor. Why does the plain meaning of an article of milk or cream extend to something that has, let's say, by hypothesis, less than 10% of milk or cream? Yes, Your Honor. Would that mean that the plain meaning of article of milk or cream would include something that had half of 1% of milk or cream? Well, the plain meaning of the phrase would include nearly anything with milk. Customs has already determined that there is a minimum threshold. Well, I know they have, but do you think that you're arguing right off the bat that there's a plain meaning of articles of milk or cream? And I'm having a hard time seeing why that includes something that has one half of 1% of milk or cream. Or do you think that there is a plain meaning that cuts off at 5%? Yes, Your Honor. Customs has interpreted it. I know Customs has interpreted it. I'm asking you about your plain meaning argument. So before you even get to Customs, because that doesn't have anything to do with plain meaning, right? Plain meaning is an independent ground that you're arguing. Where's the plain meaning of articles of milk or cream that tells me that 5% cutoff or something less, let's say, than 10% is still an article of milk or cream? Yes, Your Honor. Unless you're saying that something that has even a very small amount of milk or cream, such as one half of 1%, is an article of milk or cream. And that's why I'm asking, is that your position? Yes, Your Honor, that is our position. Okay. The definition of of is a very broad definition. So pancake mix, for example, that has some small component of milk in it is an article of milk or cream? The issue of article of milk or cream would only come up after an item is classified at the heading level. But again, plain meaning, in your plain meaning argument, would a pancake mix that had some small component of dried milk be an article of milk or cream? Yes, Your Honor, based on the plain meaning. All right. Second, the lower court must be reversed because it adopted Wowsley Foods as creating a bright line rubric for determining articles of milk or cream. And finally, the trial court should be reversed because this decision undermines the tariff rate quota applicable to dairy products in the United States. It is uncontested that melurine is a frozen dessert product similar in consistency and manner of consumption to ice cream. Therefore, the court properly classified melurine under heading 2105, which encompasses ice cream and other edible ices. Now, under heading 2105, there's essentially three categories of goods. There's ice cream, and there's no issue whether melurine is an ice cream or not. It is not ice cream. Then the next one is dairy products. And the issue is whether this is a dairy product. And in order to determine whether this is a— Well, I don't think the issue is whether it's a dairy product. It's whether it's a dairy product within the definition under Note 1, correct? Not just a dairy product. Yes, Your Honor. It's the dairy products described in additional U.S. Note 1 to Chapter 4, which describe a broad range of goods, including the relevant term article of milk or cream. Therefore, in order to determine whether melurine is an article of milk or cream, the trial court should have started at the plain meaning of article of milk. Again, as previously discussed, of has a very broad definition. In the American Heritage Dictionary, of is defined a relevant part as derived or coming from, owing to, composed or made from, possessing, containing. So the plain meaning would be any article that essentially contains milk. And clearly, each flavor of melurine at issue fits within that definition. Well, you said the very first definition was derived from. Yes, Your Honor. So something that contains half of 1% of milk is derived from milk? The product itself is derived from milk? Yes, Your Honor. The plain meaning is— Then that product would also be derived from water, derived from flavorings. So this would be an article of flavoring as well because it has a higher percentage of flavoring. We're dealing with a tariff rate quota provision that has to do with milk, so we're really focusing on the milk aspect of a product when you're determining whether it is an article of milk for additional U.S. No. 1 to Chapter 4. I don't understand that answer. In this analysis, I understand water is actually the predominant ingredient in most all frozen desserts, but in assessing whether it is a dairy product subject to quota, you look at milk because milk would be the ingredient that you're looking for. And milk is always going to be less than water, and it's always going to be less than many flavoring ingredients. I don't remember. I know there was some discussion of sherbet in the briefs, but I don't remember anything that indicated whether sherbet is classified as a dairy product. Is it? I do not believe sherbet is classified as a dairy product. But it does contain milk, right? It does. I believe it contains around 2-point-something percent, Your Honor. Why isn't it a dairy product under the plain meaning of the term dairy? It is a dairy product under the plain meaning. However, customs has already set a threshold for what it finds to be an appreciable amount of milk, sufficient to be an article of milk for purposes of additional U.S. No. 1 to Chapter 4. So customs in this regard is disregarding the plain meaning, as you see it. It has established a bright-line rule to determine what it finds to be an appreciable amount of milk and how it does essentially violate the plain meaning, yes, Your Honor. What the court did instead of determining the plain meaning of article of milk or cream was it turned to lousy foods, which was a two-paragraph decision after trial, which doesn't say that it sets out any sort of four-factor test, but rather makes a decision based on the facts that were induced during that trial. However, the facts really aren't actually listed. It's essentially stated that milk was not the essential ingredient without defining what the essential ingredient meant. Milk was not the predominant ingredient, and milk was not the ingredient of chief value. And in addition, milk was not considered a dairy product or milk product by the dairy industry. Now, what the lower court did here was take those four elements and turn it into a bright-line restrictive test. Where are these four elements? Because I seem to think there's only three, and it seems like the government is adding the factor of industry usage. Yes, Your Honor. In lousy foods, the court stated, the court finds, as a matter of fact, that milk or cream is not the essential ingredient, not ingredient of chief value, nor is it the preponderant ingredient. And all four witnesses, including the government's witnesses, testified that while these products were comprised chiefly of vegetable fat and sugar, and in any event were not considered milk or cream products in the industry. And as the lower court also found that the industry is also the relevant inquiry under what it felt was the lousy test. However, the four factors of lousy are reading restrictions in traditional U.S. Note 1 that simply are not there. It is not articles that have the essential ingredient of milk. It's not articles that are predominantly of milk or articles where the chief value is milk. It is articles of milk. And in fact, while under the TSUS, of was defined as of chief value or wholly, that definition no longer applies to HTSUS. So even looking at chief value of predominance is not the relevant inquiry for articles of milk as it is now in HTSUS. And what do you think that the inquiry should be? The inquiry is whether it has 5% milk. Okay. Well, assume, just assume that we're not going to agree with the 5% milk. I mean, we might, but just assume that we're not. What then would be your suggestion as to what test ought to apply to determine if something is an article of milk? In terms of malarine, in addition to any sort of percentage, the fact that malarine does not exist in the absence of milk, it is undisputed as a manufacturer of the malarine at issue testified that without the milk ingredients, you do not have malarine. You have the non-dairy-deserved paraben. So one of the relevant inquiries, at least with respect to malarine, is whether milk is required to make the product. And here, clearly, malarine, again- So maybe the standard you think should be any product that requires milk as one of its ingredients should be considered an article of milk? Yes. In terms of goods that do require milk, yes, that would be- Well, to say it requires milk, from your answer, I gather that all that the requirement means is if it contains milk, it is called malarine. If it does not contain milk, it's not required to make it. It just has a different name. It's a different frozen dessert altogether. Well, altogether. It's exactly the same frozen dessert without milk. As the manufacturer testified- As I understand. That they specifically manufactured this product to be malarine. And without the milk, it is not malarine. But just without the milk, it would just be classified as other, other, right? It would still be 2105 because 2105 is iced desserts or iced, I don't remember, edible ice or something like that, right? Yes, Your Honor. So it would still be under that same heading without the milk. It would just not be an article of milk. It would be other, other. Yes, Your Honor. That is correct. What is the, in additional U.S. Note 1, there's a reference to mixtures containing over 16% milk solids by weight. And it was not clear to me from the language of that note what reference, what the mixtures that are referenced there entail. I believe those, those entail preparations to be used later on in other applications. But that language is not applicable to articles of milk. Articles of- Milk or cream, sorry. That's part of the definition of dairy products though, right? It is, it is one category that would, that would be a dairy product, yes. So something that had, say, 15%, that was a mixture that contained 15% milk solids by weight would not be a dairy product under that note? Under that specific part of the note, it would not be. However, something with 15% dairy solids would be an article of milk. Right, right. But suppose that I, well, wait a minute. No, go ahead. I'm sorry. I cut you off. If it, even if it did not fit within that specific provision with 15% or 16% of milk solids, it still could be an article of milk or cream. It would not be a dairy product, but it would be an article of milk or cream. It would be a dairy product, but under a different section of Additional Use Note 1, Chapter 4. It would fall under the first rubric, article of milk or cream. Okay. Unless there's any other questions, I'm just about to my rebuttal time. Yes, you can reserve the rest of your time if you like. Very well. We'll hear from you.  I think you touched on the main point here, Your Honor. And first, I want to point out that melurine is made in the Philippines, and it's not made with milk or cream at that time. They only add the milk ingredient because it's required by regulation to sell it in the United States. It certainly doesn't give melurine its essential character. It's, they add milk powder into the blend with all the other ingredients. When you say they didn't add it at that time, they add it before it comes into the U.S., correct? Exactly. But it's certainly not what gives it its character. It's not derived from milk. Essentially, it's like ice cream, but it's made with vegetable fat or oil or animal fat. That's why it's not ice cream. Their own expert testified that in the United States, someone in Texas created what they call melurine by substituting vegetable fat for the milk fat that was used in ice cream. That's what makes it essentially very different. So, what I'd like to point out, too, is that their own expert says that in response to a question and a deposition, he was asked, so are you assuming that any article of food that has a little more than 5% of milk solids, that that's automatically an article of milk or cream? And he says, not necessarily, and that's on page 271 of the record. Now, I'd also like to point out that Headquarters for Customs has already ruled in 2002 that they believe Wilsey Foods is the proper way to evaluate this kind of case. Before you move on to Wilsey Foods, can I ask you about Additional Note 1? Sure. Because when I read Additional Note 1, I was surprised when it said, article of milk, and then parenthesis, except white chocolate. I would never have thought white chocolate was an article of milk. But obviously, the definition of article of milk is meant to be exceedingly broad. So broad, in fact, they felt it necessary to tell us they were accepting white chocolate. I don't know how that was arrived at. It could be something that they wanted to make sure that they protected chocolate makers in the United States. No, no, not all chocolate makers. I don't know. Only the white chocolate makers. Exactly. I don't know how they arrived at that decision. Does that mean dark chocolate is an article of milk? I don't think so. Maybe milk chocolate. I don't think so. But that's a very good question. Plainly put, if you agree that plain meaning should be the standard, then maybe I should just walk out of here because it does have milk in it. But if you believe that there should be a higher standard for determining whether or not it deserves protection, it has a quota provision. If it's not brought in under the quota provision, you pay more. So if the intention is to protect the milk industry, let's take a look at whether or not this really is part of the industry in the United States that's meant to be protected. And their own expert couldn't identify a single manufacturer of melurine in the United States. So what are we really protecting? And the manufacturer of melurine testified that they don't even have milk in the Philippines. They have to import the powder in order to make the product that's being sold to the United States. That should tell you essentially that melurine is not an article of milk or cream. It's only added so that it can meet the regulations to be sold here in the United States. Now, Customs already has ruled in a headquarters ruling in 2002. They think Wilsey Foods applies. Page 143 of the record, headquarters ruling number 965771, dated October 17, 2002. If you turn to page 145 of the record, in the first full paragraph about halfway down it says, however, Malchok W is not an article of milk or cream because, according to information you supplied, it contains more vegetable oil and sweetener than milk powder. And then it cites Wilsey Foods. It's attached to the appendix on page 145. Can I ask you about the portion of the text of additional note 1 that I asked your opposing counsel about, the part that talks about such mixtures contain over 16 percent milk solids by weight. That is, it's a little hard to parse this note and figure out what it is. I don't know exactly what applies to what, but you've spent more time with it than I have. Actually, we spend very little time on this because I think – actually, I didn't handle this at the trial level. Everyone agreed at the trial level that we stop at articles of milk or cream because the rest of it doesn't apply. Well, I understand it doesn't apply, but what I'm looking for is some guidance as to whether the reference to 16 percent tells us something about whether 5 percent is a magic number, or whether it tells us something other than that 5 percent is a magic number. That's a good question. Again, I don't know the legislative history that went into this additional U.S. note. That's a good question. Well, the real question is, is this saying that if something has 15 percent of milk, something that falls into this category of mixtures, that notwithstanding that it has more than 5 percent, it is not a dairy product within the meaning of dairy products described in additional U.S. note 1. Right. I think they must have had something in mind when they carved that out, and I don't know what it is. I don't know the answer to your question. Okay. Well, perhaps it doesn't have all that much significance then. Yeah. Okay. In any event, it's a good question, but I think it's pretty clear that customs has already ruled that Wilsey Foods applies. They don't want to apply it in this case because then they don't get to use the protective tariff provision that they want to use. It's really that simple, Your Honors. I don't know if I have. The only thing I would say left for you to determine is that if you agree it's not an article of milk or cream, there is only one other provision left under that category, and that is other. Right. It does make a difference for my client. Is there a need for us, if we were to agree with you, to clarify this, that we adopt or propound the test, Wilsey Foods or otherwise? Is there a need, do you believe, for that, or is this a unique and sort of individual case? I'm wondering, you know, if you were to prevail, is there a need for a presidential opinion in your mind? Are there lots of other instances where this is coming up? I believe this is going to come up again. And there's very little precedent in this area, and it would be helpful if you helped to define it. But I don't think you need to go further than what the Court has already done. In this case, as well as in Wilsey Foods, what they said is that none of these criterions were met. So it doesn't matter whether you agree with Mr. Kenner that it should be conjunctive or disjunctive. We believe that, considering all these elements, none of them were met, so you don't pass the test. I don't think you need to be more restricted than that or broader than that at this time to make a decision. What does it mean for something to be an essential ingredient? If it was essential, you couldn't sell melurine in the U.S. if you didn't put it in, according to the FDA regulations. From that standpoint, you had to include it. But it also wouldn't be melurine if it wasn't made with vegetable fat or animal fat, and if it didn't have the sweeteners. It would still be melurine without the sweeteners, wouldn't it? You'd still need the sweeteners with the animal fat or vegetable fat. Those are all required, too, if you look at the standard under the CFR, if I can find it for you. I have it here, actually. Let's see if I can find it. Page 235 of the record. And under 135, 130, melurine. Okay, so then tell me, what does it mean to be an essential ingredient? Okay. It's something that gives it its essential quality. What makes melurine melurine? The fact that it doesn't have milk fats makes it not ice cream. The fact that it has vegetable oil or fats or animal fats, instead, makes it melurine. The fact that you have to add milk in order to sell it as melurine in the United States doesn't change the fact that when you make melurine, you don't need milk to make melurine. It's not what makes melurine. Is the essential ingredient, then, the vegetable oil or fats? Well, all of these things are required by regulation, but that doesn't necessarily mean that that makes that one ingredient essential. And what I'm saying is that I think the animal fat is what makes it essential in order to make it melurine as opposed to ice cream or something else. So you would say if someone had to identify, pursuant to Will C. Foods, what is an essential ingredient of melurine, you would say animal fat. Well, that's part of it, but Will C. Foods is looking at a number of things because what gives it its essential character is the fact that it's using animal fat rather than milk fat. But they're looking at other things as well because I don't think we want to rely on just one factor alone. I think the court is trying to evaluate everything that's relevant, right? So they're looking at what's the article of chief value, what is its chief identifying characteristic, if you will. Those are the things that we're trying to figure out. Well, how, then, does this apply to the cheese in the queso real melurine, which, by the way, does not sound good? I know, and I haven't tried it. I don't know. In fact, we started off at the trial level saying that these should be classified at a different heading altogether because we thought that's what really gave melurine its essential character, is each flavor was different and we wanted to have it under a different provision than 2105. But the court disagreed and we, okay, we'll settle with 2105, is what we did here. But what gives each flavor of melurine its essential characteristic is the flavor. I mean, melurine is melurine because of how melurine the base is made. But each flavor is distinct. And so when you have queso real, you have those two ingredients. Those are the main ingredients. Those are the ones that give it its essential character as queso real as opposed to anything else. It's the most costly ingredient. So queso is cheese. That's right. So is this not a dairy-based cheese? Is this some kind of non-dairy cheese? I don't know how to answer that. But that's a good question, too. And so what we're looking at is we're looking at a flavoring that's— Nobody seems to have focused on that. Right, it's a good question. It does come to mind. And here's a good point to make. I think that's an excellent point. The fact that you add a flavoring to a base that's essential for making melurine doesn't change the essential characteristic of melurine being as I described. You're going to add a flavor that might also have milk in it, but it doesn't change the essential character of melurine being a non-milk frozen dessert. But this is an article of milk or cream when you've got a cheese-flavored ice dessert. Cheese is clearly an article of milk or cream. Right, it's made from milk. Well, I guess there are some processed cheeses that aren't really made from milk. Right, right. And I'm not sure where they get their cheese. I don't know the answer. But that's a good question. But the point that I think that the trial court was trying to make, and I think is a relevant point, is are we going to make decisions about each flavor of melurine based on whether or not a flavored ingredient raises the threshold of whether it's an article of milk or cream. I think you need to look at what melurine is in its essential characteristic. That's a very good point, though. Okay. Thank you. Unless you have other questions, that's all I have. Thank you. Thank you. Mr. Kenner, you have several minutes left. Do you want to use them? Yes, Your Honor. To Your Honor's question concerning the 5.5% weight and 16% milk solid provision, additionally in U.S. Code 1, that applies to dried milk, whey, or buttermilk. So it applies to specific things. But it doesn't apply to articles of milk or cream, which is a much broader category. But such a thing would not, if it had 15%, it would not be an article of milk or cream? Because what's the point of saying that it's not covered if it's less than 15% if it's already covered by an earlier provision of the same note? You understand my question? I do understand the question. I don't know exactly why they have structured it this way. But presumably they intend to exclude something that has 15% that falls within the term mixture but contains 15% milk. That's what it appears. So something that is a mixture that is more than 5% but less than 16% would be not an article of milk or cream. It appears that way if it were dried milk, whey, or buttermilk. But again, we're dealing with the broader category of articles of milk. Right. And I would also like to point out that this is a dairy product quota and has to be read broadly to foster its intent. And it's not a dairy rate quota on melurine. It's a dairy rate quota on dairy products that are described in addition to US Note 1 to Chapter 4, which fall under the broad heading of edible ices. Was there any separate argument to us about queso real ice cream in terms of it having a much higher likelihood of being an article of milk or cream than the other flavors? No, there was not, Your Honor. Actually, can I clarify that, Your Honor? Actually, there was a distinction, no. Why don't we wait and we'll allow Mr. Kenner to finish his rebuttal. If there's something that you need to correct, we'll allow the two of you to sort that out. I'd also like to make the point that we're not saying that every product that crosses the border with 5% milk is going to be considered a dairy product for tariff rate quota purposes. It's only under specific headings where Congress has sought fit to protect certain or to cover certain categories like ice cream and other edible ice. I know the trial court made a point of milk bread and milk macaroni. However, unless under the macaroni heading there is a tariff rate quota provision for dairy products, this issue is not even relevant. And with that, I have nothing further, Your Honor, unless you have any questions. Well, Mr. DeLuca had a point with respect to, I assume, a purely factual note, if you could approach. One point I just want to make, if I may, about the Queso Real question. There was a specific point about Queso Real. If you can look it up on pages, let's see, page 21 of the opinion. We're talking about, I think, the question that Judge Moore asked was Queso Real separately argued to us in this case. Yes, and it's also, it's in their brief too. I can try to find it. We'll find it. It's part of their brief. Very well. That's all we need then. Yeah, I just wanted to point out that it was a special point. Thank you. That's all I have. Mr. DeLuca, the case is submitted. Is there argument next?